FILITAI UILIATA, Appellant

v.

AMERICAN SAMOA GOVERNMENT, Appellee

High Court of American Samoa
Appellate Division

AP. 13-86

October 31, 1986

Before REES, Chief Justice, GARDNER*, Acting
Associate Justice, KENNEDY**, Acting Associate
Justice, LUALEMAGA, Associate Judge, and AFUOLA,
Associate Judge.

Counsel: For the Appellant, Malaetasi Togafau
        For the Appellee, William Wallace

Per GARDNER, J.:

Filitai Uiliata appeals the trial division's
denial of a motion to withdraw a plea of guilty to
first degree assault. We reverse.

Filitai originally pled not guilty to first
degree murder. Before trial, however, he entered
into an agreement with the government. Under the
agreement, Filitai pled guilty to first degree
assault in return for the government's
recommendation of a ten-year sentence, suspended,
the first three years to be spent outside the
Territory. Both sides fulfilled their parts of the
bargain, and the trial division took the matter
under consideration.

Ultimately the trial division imposed a
harsher sentence: ten years, the first three to be
spent in prison, the remaining seven outside the
Territory. Filitai filed a motion to withdraw his
plea, claiming that Rule 11 of the High Court Rules
of Criminal Procedure entitled him to do so because
he had not received the sentence for which he

bargained. The trial division denied the motion, and Filitai now appeals that ruling.

Rule 11, which resembles the corresponding Federal Rule of Criminal Procedure, provides guidelines for the plea bargaining process. Under § 11(e)(i), the government may do any of the following:

(a) move for dismissal of other charges; or
(b) make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court; or
c) agree that a specific sentence is the appropriate disposition of the case.

Under § 11(e)(2), if the agreement is of the type specified in subdivision (b), the court must advise the defendant that if it does not accept the recommendation or request, the defendant nevertheless has no right to withdraw his plea.

In this case, the trial division warned Filitai that he was pleading guilty to a serious charge, that the government's recommendation would receive consideration, but that it would not necessarily be followed. It did not advise Filitai, however, that he would have no right to withdraw his plea if the government's recommendation was not followed. We must conclude, then, that the trial division failed to comply with notice requirements of § 11(e)(2).

The rationale for the notice requirements, which were added to the Federal Rules in 1979, is explained in the Advisory Committee Notes as follows:

Because a type (b) agreement is distinguishable from the others in that it involves only a recommendation or request not binding upon the Court, it is important that the defendant be aware that this is the nature of the agreement into which he has entered. The [notice requirement] will establish for the record that there is such awareness.

The remedy for violation of the notice requirements is clear: withdrawal of the guilty plea and opportunity to plead anew. United States v. Missouri Valley Construction Co., 704 F.2d 1026,

1029-30 (8th Cir. 1983). Thus, even though there is evidence that Filitai understood the nature of his agreement with the government, the mandates of § 11(e)(2) compel us to reverse his conviction and remand with instructions that he be given an opportunity to plead anew.

REVERSED.

---

* Honorable Robert Gardner, Chief Justice Emeritus, High Court of American Samoa, serving by designation of the Secretary of the Interior.

** Honorable Anthony M. Kennedy, Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.